UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CHANG,<br><br>Plaintiff,<br><br>v.<br><br>EZERY BEAUCHAMP, et al.,<br><br>Defendants. | Case No. 19-cv-07068-JSW<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 48, 49 |

Now before the Court for consideration is the motion to dismiss the amended complaint for failure to state a claim filed by defendants Officer Todd Carden ("Carden"), Captain Ezery Beauchamp ("Beauchamp"), Officer T. Swarts ("Swarts"), and California Highway Patrol ("CHP")(collectively, "Defendants") and the motion to dismiss for insufficient service of process as to defendant Sergeant S. Morales ("Morales"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court hereby GRANTS Defendants' motion to dismiss for failure to state a claim and GRANTS the motion to dismiss for insufficient service of process.

**BACKGROUND**

Plaintiff, proceeding *pro se*, filed this action in state court on May 24, 2019 alleging state law claims for fraud, fraudulent concealment, breach of fiduciary duties, negligence, intentional infliction of emotional distress, and denial of constitutional rights under the California Constitution. (*See* Dkt. No. 1, Def.'s Notice of Removal.) After the state court sustained Defendants' demurrer, Plaintiff filed her First Amended Complaint ("FAC"), which included claims under federal law. Defendants then removed the action to federal court on October 28,

2019. (*Id.*)

Defendants Carden, Swarts, Beauchamp, and CHP moved to dismiss Plaintiff's FAC for failure to state a claim. (Dkt. No. 30.) The Court granted Defendants' motion on August 3, 2020. (Dkt. No. 42.) The Court granted Plaintiff leave to amend her claims for constitutional deprivations under federal and state law; however, the Court dismissed Plaintiff's remaining state law claims without leave to amend. (*Id.*) Defendant Morales moved to dismiss Plaintiff's claims against him for insufficient service. (Dkt. No. 35.) The Court denied the motion to dismiss for insufficient service but granted the request to quash service of Sergeant Morales. The Court ordered Plaintiff to complete service of process on Sergeant Morales within thirty days of its order.

Plaintiff filed her Second Amended Complaint ("SAC"), which is substantially similar to the FAC, on August 25, 2020. (Dkt. No. 43.) As in her FAC, Plaintiff's claims arise out of a car accident which occurred on December 16, 2018. (SAC ¶¶ 12-14.) Plaintiff alleges that the other driver was responsible for the accident, which damaged Plaintiff's vehicle and caused her injury. (*Id.* ¶ 17.) According to Plaintiff, Officers Carden and Swarts investigated the accident and prepared an accident report, which was inaccurate and fraudulent because it did not determine that the other driver was at fault for the accident. (*Id.* ¶¶ 18-19; *see also* Request for Judicial Notice, Ex. A.)[1] Plaintiff filed a rebuttal to the accident report with CHP, and Officer Carden then issued a supplemental report regarding the accident investigation report. (*Id.* ¶ 22.) Plaintiff submitted a citizen complaint to CHP, which conducted an internal investigation of the accident report and supplemental report and confirmed the report's accuracy. (*Id.* ¶ 24.) Plaintiff alleges that the investigation into the accident report was not conducted in conformity with CHP policy. (*Id.* ¶ 27.) Plaintiff alleges that as a result of the inaccurate accident report, the other driver's insurer, CSAA, would not pay Plaintiff for the damages she incurred in the accident. (*Id.* ¶ 29.)

Plaintiff seeks monetary damages for the alleged violation of Plaintiff's Fourteenth

---

[1] The Court grants Defendants' request and takes judicial notice of the traffic collision report and supplemental report prepared in connection with the car accident underlying the claims at issue under the doctrine of incorporation of reference. (Dkt. No. 50.)

Amendment due process and equal protection rights under 42 U.S.C. section 1983 ("Section 1983") and seeks injunctive relief for alleged violations of Article I, Section I, 7(a) of the California Constitution.

## ANALYSIS

**A.    Applicable Legal Standards.**

**1.    Rule 12(b)(6)**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Because Plaintiff is proceeding *pro se*, the Court must construe her pleadings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).[2] However, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

---

[2] Although she is acting *pro se*, Plaintiff is expected to follow the same rules of procedure that govern other litigants. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

3

1 In general, if the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted). If after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *Id.* at 1105-06.

### 2. Rule 12(b)(5)

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(5), a district court may dismiss an action based on insufficient service. Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. V. Wolff & Co.*, 484 U.S. 97, 104 (1987). To determine whether service of process is proper, courts look to the requirements of Federal Rule of Civil Procedure 4 ("Rule 4"). A plaintiff bears the burden of demonstrating that service is proper. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If a plaintiff is unable to satisfy this burden, the court may exercise its discretion to either dismiss the action or retain the action and quash the service of process. *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

## B. Plaintiff's Due Process and Equal Protection Claims Are Dismissed.

### 1. Due Process

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides, "no state shall…deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, amend. XIV § 1. This clause guarantees both procedural and substantive due process. Procedural due process protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. *Williams v. Anderson*, No. 1:18-cv-00183-AWI-SKO, 2018 WL 1806462, at *3 (E.D. Cal. Apr. 17, 2018) (citing *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). A Section 1983 claim for a violation of due process has three

4

elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Portman*, 995 F.2d at 904; *see also Nunez v. City of Los Angeles*, 147 F.3d 867,871 (9th Cir. 1998) ("To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property.").

In her SAC, Plaintiff has not identified a constitutionally protected liberty or property interest of which she was deprived. In alleging violations of her due process rights, Plaintiff lists the cost of repairs to her automobile after the accident, expenses she paid to find alternate transportation, and the pain and distress caused by her physical injuries—all injuries she alleges occurred because of the CHP's accident investigation and subsequently flawed reporting and investigation. (SAC ¶ 35.) These losses, however, resulted from the car accident, not CHP's report and investigation. Moreover, Plaintiff does not have a constitutionally protected right to a favorable accident report or the outcome of CHP's internal investigation.

Plaintiff also alleges that her due process rights were violated because Officers Swarts and Carden restrained her in her car at the scene of the accident, preventing her from exchanging insurance information with the other driver. (*Id.* ¶ 36.) Plaintiff does not allege that either officer physically restrained her; rather, her allegations suggest that the she felt restrained by the officers' instruction her to remain by her vehicle during the investigation. These allegations are insufficient to establish a violation of a constitutionally protected liberty interest.

Plaintiff's claims for violations of the due process clause in California's constitution similarly fail. Plaintiff has failed to sufficiently allege a statutory benefit of which she was allegedly deprived, which is necessary for a viable due process claim under state law. *See Ryan v. California Interscholastic Fed'n-San Diego Section*, 94 Cal. App. 4th 1048, 1071 (2001).

Accordingly, the Court concludes that Plaintiff has failed to state a cognizable due process claim under federal law and state law.

**2.     Equal Protection**

In her SAC, Plaintiff clarifies that her equal protection claim is a "class of one" claim. (*See* SAC ¶¶ 37, 39.) A plaintiff can establish an equal protection "class of one" claim by alleging

5

that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" in the departure from some norm or common practice. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Allegations, however, that a defendant has done some harmful act against the plaintiff, without more, fail to state an equal protection "class of one" claim. *See Williams*, 2018 WL 1806462, at *3.

Plaintiff alleges that Defendants singled her out and treated her differently from others. But, as with the allegations in the FAC, Plaintiff does not allege facts that support her claim that Defendants intentionally treated her differently from other similarly situated individuals. Absent allegations identifying who the similarly situated "others" are and how Defendants treated Plaintiff differently, Plaintiff's class of one claim is implausible.

Additionally, because equal protection claims under California law are substantially similar to those under federal law, Plaintiff's state law equal protection claims fail for the same reasons. *See Conservatorship of Edde*, 173 Cal. App. 4th 883, 891 (2009) (citing *Dep't of Developmental Servs. v. Ladd*, 224 Cal. App. 3d 128, 139 (1990). The Court concludes that Plaintiff has failed to state a cognizable equal protection claim under both federal and state law.

In its prior Order, the Court permitted Plaintiff leave to amend her constitutional claims but cautioned that an amended complaint must allege with specificity how Defendants violated her constitutional rights. The SAC, however, again fails to plead plausible claims for constitutional deprivations under state or federal law. Accordingly, the Court GRANTS Defendants' motions to dismiss Plaintiff's due process and equal protection claims WITHOUT LEAVE TO AMEND.

**C.    Motion to Dismiss Sergeant Morales for Insufficient Service Under Rule 12(b)(5).**

Federal Rule of Civil Procedure 4(e) governs service of process on individual defendants. Under the federal rule, the methods for serving an individual defendant include: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e)(2). Additionally, an individual defendant may be served with process pursuant to the law
6

1   of the state where the district is located. Fed. R. Civ. P. 4(e)(1). California law provides

2   individual defendants may be personally served by personal delivery of the summons and

3   complaint to the individual or the individual's authorized agent. *Am. Express Centurion Bank v.*

4   *Zara.*, 199 Cal. App. 4th 383, 389 (2011). California law also permits substitute service by

5   delivery of the summons and complaint to the individual's dwelling, usual place of abode, usual

6   place of business, or usual mailing address, and followed by mailing a copy of the summons and

7   complaint to the person to be served at the place where the documents were left. *Id*. Substitute

8   service, however, is only permitted "after a good faith effort at personal service has first been

9   made: the burden is on the plaintiff to show that the summons and complaint cannot with

10  reasonable diligence be personally delivered to the individual defendant." *Id.*

11  The Court previously determined that Plaintiff's service attempt on Sergeant Morales was

12  insufficient under federal and state rules and exercised its discretion to quash service of the

13  complaint against Sergeant Morales. (Dkt. No. 42.) The Court granted Plaintiff thirty days, until

14  August 30, 2020, to perfect service on Sergeant Morales. (*Id.*) Plaintiff filed a proof of service

15  stating that Sergeant Morales was served by substitute service at his usual place of abode on

16  August 29, 2020. (Dkt. No. 45.) According to the proof of service, the documents were left with

17  Sergio Y. Morales at an address in Hayward, CA. (*Id.*) However, Sergeant Morales attests that he

18  does not reside at that address or have any connection to Mr. Sergio Morales. (Dkt. No. 48-1,

19  Declaration of S. Morales ("Morales Decl.") ¶ 3.) Plaintiff argues that she located this address

20  "believed to be Defendant Morales' home" by "zip-match," but she provides no explanation for

21  how the "zip match" process works or how she was determined service should be effected at the

22  Hayward address. (*See* Dkt. No. 51-1, ¶ 5; Ex. 5.) Accordingly, the Court concludes that

23  Plaintiff's attempt to serve Sergeant Morales was insufficient under the state and federal rules.

24  Plaintiff also requests, in the alternative, that the Court permit service by publication as to

25  Sergeant Morales. California law permits service by publication "if upon affidavit it appears to

26  the satisfaction of the court in which the action is pending that the party to be served cannot with

27  reasonable diligence be served in another manner" specified in Article 3 of the California Code of

28  Civil Procedure. Cal. Civ. Proc. Code § 415.50(a). In determining whether a plaintiff has

exercised "reasonable diligence," the court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (internal quotations and citations omitted). Because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333.

Here, Plaintiff has not demonstrated that she has exercised the reasonable diligence required to warrant service by publication. Plaintiff has attempted to serve Sergeant Morales three times since initiating this action over a year ago, and each attempt has been deficient. Moreover, Plaintiff has not provided details of her service attempts or her investigative efforts to locate Sergeant Morales. For example, with her most recent service attempt, Plaintiff claims that she identified the service address using a "zip-match." She does not, however, explain how this process works or detail any attempt on her behalf to ascertain whether the home address she identified was Sergeant Morales' correct address. Three service attempts over more than a year are insufficient to "exhaust the myriad of other options available." *Castillo-Antonio v. Azurdia*, No. C-13-05709 DMR, 2014 WL 4060219, at *3 (N.D. Cal. Aug. 14, 2014) (plaintiff failed to show reasonable diligence in attempting service where he did not attempt to gather information about the defendant's location via phone books, online people search tools, voter registries, or other common sources of information, or by hiring a private investigator or contact relatives to confirm the defendant's address). Accordingly, the Court concludes that Plaintiff has not exercised reasonable diligence in her attempts to serve Sergeant Morales and is not entitled to service by publication.

Accordingly, because Plaintiff has failed to effectively serve Sergeant Morales under federal or state rules within the timeframe provided by the Federal Rules of Civil Procedure and

the deadline set by this Court in its prior order, the Court GRANTS Sergeant Morales' motion to dismiss under Rule 12(b)(5). Because Plaintiff has failed to serve Sergeant Morales despite being afforded multiple opportunities to perfect service, Plaintiff's claims against Sergeant Morales are DISMISSED WITH PREJUDICE.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss for failure to state a claim and GRANTS the motion to dismiss for insufficient service with prejudice. The Court shall enter a separate judgment and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 19, 2021

_____
JEFFREY S. WHITE
United States District Judge